(No. 4330— )

Zingo McNulty, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 9, 1951.*

*Supplemental Opinion filed July 6, 1951.*

John B. Harris, Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Schuman, C. J.

Claimant, Zingo McNulty, was employed by the State of Illinois as a common laborer under the Division of Highways, and while so employed on May 23, 1950, in the discharge of his duties, sustained an injury to his right eye, shoulder, and mouth by being struck with a metal sign, which had been placed on the highway near where he was working, the sign having been hit by an automobile. No jurisdictional questions are involved. Claimant was married, 57 years of age, and had four children under the age of 16 years dependent upon him for support at the time of his injury. In the year preceding his injuries he earned the sum of $1,509.20.

The particular facts as to the nature of the injuries were as follows: Claimant was cleaning out a catch basin near Second Street and St. Clair Avenue, and while so doing had placed two metal signs, one marked "Men

Working" and the other "Slow". Claimant heard a car strike one of the signs, looked around, and the sign struck him in the corner of the right eye. Claimant was also struck on the right shoulder and mouth causing loss of the left front incisor tooth.

Claimant was taken to St. Mary's Hospital in East St. Louis, where he was given emergency treatment, and then went to his family physician, Dr. Earl Williams. Dr. Williams sent claimant to Dr. Nofles in St. Louis.

The Division of Highways had claimant sent to Dr. Lawrence Post, who examined claimant, and performed an operation on the right eye. The conclusion of all medical reports show claimant sustained a complete loss of sight of his right eye.

Claimant was temporarily disabled from performing any work until about November 1, 1950. Respondent paid all medical bills in connection with the injury, and temporary compensation to July 31, 1950.

The evidence shows claimant expended $6.80 in going to doctors in St. Louis. For this amount he should be reimbursed.

A bill for stenographic services, performed at the hearing, was submitted by Igatha Broach, in the amount of $28.65, which the Court finds to be reasonable.

On the basis of this record we make the following award:

For temporary total disability for the period from May 25, 1950, to October 2, 1950, a period of 18 and 5/7 weeks, in the amount of $561.44, of which $291.44 has been paid, leaving a balance due of $270.00, all of which has accrued and is payable forthwith.

For the specific total loss of the use of the right eye, the sum of $3,600.00 payable as follows: $540.00 for a period of 18 weeks, which has accrued to February 5, 1951. The balance of $3,060.00 to be paid in weekly installments of $30.00 per week for a period of 102 weeks beginning February 12, 1951.

An award is also entered in favor of the claimant in the amount of $6.80 for the expenses incurred by him in the treatment of his injuries.

An award of $100.00 to be paid by the respondent to the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation Special Fund, to be distributed in accordance with the provisions of the said Workmen's Compensation Act.

An award is also made in favor of Igatha Broach for stenographic services in the amount of $28.65, which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

All future payments are subject to the terms and provisions of the Workmen's Compensation Act of the State of Illinois.

Jurisdiction of this cause is specifically retained for the entry of such further orders as may from time to time be necessary.

## SUPPLEMENTAL OPINION

It being represented to the Court that the award entered in this cause in the amount of $100.00 to be paid by the respondent to the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation Special Fund, to be distributed in accordance with the provisions of the said Workmen's Compensation Act, is not necessary, as the balance in said fund is in excess of $50,000.00 and no further payments are required;

It is therefore ordered that the opinion in this case, wherein the following award was made:

"An award of $100.00 to be paid by the respondent to the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation Special Fund, to be distributed in accordance with the provisions of the said Workmen's Compensation Act"

is hereby vacated, set aside, and held for naught.